PEOPLE OF PUERTO RICO, Plaintiff and Appellant, *v.* LUIS ENRIQUE CANO, Defendant and Appellee.

No. 4565.  Argued January 14, 1932.—Decided March 10, 1932.

*E. Díaz Viera, Assistant Fiscal,* for appellant.  *E. Ramos Antonini* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

This is an appeal taken by the district attorney from an order of the District Court of Ponce granting a new trial to the appellee on evidence discovered after the trial.

The appellee has neither filed a brief nor appeared at the hearing of this appeal in this Court.

The charge against the appellee is that in the last days of November and early in December, 1929, he had sexual intercourse with Leonor Santiago Rodríguez, a female under the age of fourteen years, not his wife. In order to prove the age of the prosecutrix the district attorney introduced a certificate of the employee in charge of the civil registry wherein it is stated that she was born on January 20, 1918. She was, therefore, eleven years and ten months old at the time of the commission of the act imputed to the defendant.

On presentation of this document and when the judge of the court remarked with reference thereto, that the girl was at the time stated in the information eleven years and some months old, her father who was testifying said: "That is her age." The document is not a literal transcription of the birth record but an abstract thereof and does not mention the date of the original entry. It was admitted without objection from the appellee.

In the motion for a new trial it was alleged by the defendant that new evidence had been discovered which consisted of the baptismal record of the said girl, from which it appears that she was baptized on March 23, 1919, having been born on February 20, 1917; of an affidavit of her godfather to the effect that she was rather grown and could talk when she was baptized; and another affidavit made by one of the witnesses to the birth record in the civil registry in which it is asserted that at the time her birth was registered, she was a grown girl (*grandecita*) and could talk already.

The defendant further stated in his motion that he was unable to produce such evidence at the trial notwithstanding his search during many days for the persons who subscribed said affidavit and whom he found with difficulty; that he thought that the physical appearance of the girl would convince the jury that she was more than fourteen years of age; that he had previously searched without success for the document which he now submits; and that by reason of the newly discovered evidence the verdict would probably be different.

The main ground relied on by the court below for granting the new trial was that "the evidence must be submitted to the jury so that in a case of such a serious nature as the present one, a prosecution for rape, and in view of the very peculiar circumstances and the manner in which the offense was committed, that is, the manner in which the defendant acted in a room next to that of his wife in his own home, with the door open, the light on, while his wife was in her room and the defendant in the next room, with the door open, where

this servant was—the jury, notwithstanding those facts, believed that the offense was committed—it might be that the jury might give credence to this, bearing in mind that the case deals with the rape of a female under the age of fourteen years; and as the evidence now submitted seeks precisely to overcome the fact of the said child being under fourteen years by means of the certificates of the parish and of the civil registry, the court is of the opinion that this evidence, perhaps, had it been known to the jury, might have induced them to change the verdict; and that it would be an abuse of discretion on the part of the court, since the court entertains that same doubt to refuse the defendant an opportunity to submit this evidence to the jury.''

It was also the opinion of the lower court that the said evidence was not available to the defendant at the time of the trial and that he was only able to get it afterwards, despite the fact that on the seventh day of the trial he already had in his possession said baptismal certificate and the supporting affidavit subscribed by the witnesses, and notwithstanding that the offense charged against the defendant was committed in the town where the prosecutrix resided, which was the same town where her birth was recorded in the civil registry and in whose parish she was baptized, and that it appeared from those entries that the names of the witnesses submitted after the trial were set forth in the said documents, and that one of said witnesses lived in the same town and the other in another town near-by. However, we will not dwell upon this point, because from the consideration we have given to this appeal we are convinced that the order granting a new trial should be reversed on a more fundamental ground.

We have stated that according to the civil registry the girl was eleven years and ten months old when the facts charged in the present case occurred; and according to the baptismal certificate made on March 23, 1919, the girl was born on February 20, 1917. So that according to the latter certificate she was twelve years and nine months old when

the offense was committed, that is to say, under the age of fourteen years fixed by law as a necessary element of the crime of rape irrespective of the consent of the female; and that she was two years and one month old when she was baptized and therefore her godfather may have stated the truth when he said that she was rather grown and could talk. Consequently, the parish certificate and the two affidavits fail to show that the girl was fourteeen years old at the time mentioned in the information and for this reason such evidence could not warrant, on the ground of age, a verdict different from that rendered by the jury. Therefore, the granting of a new trial on such evidence would be improper.

The other circumstances referred to by the court as to the manner in which the crime was committed and as to how the defendant acted in his own home, might be considered in an appeal from the judgment on the ground of the insufficiency of the evidence but not as a ground for granting a new trial on newly discovered evidence.

The order appealed from must be reversed.